**UNITED STATES**

v.

**Howard Ellsworth ARMPRIESTER.**

**Cr. No. 11-430.**

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 8, 1957.

There were no appearances by counsel, with respect to this motion.

WALTER E. HOFFMAN, District Judge.

On May 6, 1957, petitioner was sentenced by this Court for violating the provisions of 18 U.S.C.A. § 500, relating to the uttering of altered United States Post Office Department money orders. Petitioner was sentenced to confinement for a period of three years on each of four counts of an eight count indictment to which he tendered a plea of guilty; the sentences on the last three counts to run concurrently with the sentence on the first count. The remaining four counts of the indictment were dismissed on motion of the United States Attorney. Petitioner is now serving his sentence in the Federal Penitentiary, Atlanta, Georgia.

Petitioner has filed a motion under 28 U.S.C.A. § 2255 to vacate the judg-ment and sentence, alleging that he was not taken before the United States Commissioner expeditiously, in that there was an unnecessary delay and that during the delay the actions of the Postal Inspector in taking a preliminary statement from petitioner prior to being taken before the United States Commissioner for a hearing violated Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., as construed by the United States Supreme Court in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. Petitioner contends that the evidence elicited during his examination by the Postal Inspector formed the sole basis for his indictment and conviction, and was obtained under circumstances which would constitute a denial of due process of law.

Accepting the facts for the purpose of this motion as therein stated, it appears that petitioner was arrested on Friday, February 8, 1957, at 5:00 P.M. and interrogated by the Postal Inspector from 5:15 P.M. until 10:30 P.M., at which time petitioner signed a statement. Petitioner was granted a hearing before the United States Commissioner at 1:30 P.M. the following afternoon, which was a Saturday.

The facts of the instant case and the Mallory case differ in two notable respects. In Mallory the defendant repeatedly and strenuously denied his guilt throughout his interrogation, which started about 2:30 P.M., recessed about 4:00 P.M., resumed at 8:00 P.M. and continued until 10:00 P.M. In the matter now before the Court there is no indication that petitioner ever asserted his innocence, nor that the delay in arraignment was for the purpose of obtaining the statement. The second distinction between the two cases is that in Mallory the defendant was convicted by a jury after having been tried on a plea of not guilty and the signed confession introduced in evidence; whereas the petitioner herein was sentenced after pleading guilty to four of the eight counts in the indictment.

**136**

■ These distinguishing factors mark the line of demarcation between the two cases, thus rendering the Mallory decision inapplicable to the facts relied on by petitioner. The petitioner entered his plea of guilty after conferring with able and experienced court-appointed counsel, and while counsel was present in court. Petitioner is not a novice in these matters and must be assumed to have known full well the consequences of such plea. At no time while petitioner was before the Court was there any assertion or intimation that the action of which he now complains did, in fact, transpire. It is a sufficient answer to petitioner's assertion that the evidence elicited during his interrogation formed the basis for his conviction and sentencing to state that petitioner, after conferring with counsel, voluntarily pleaded guilty to four counts in the indictment and not guilty to four other counts. Petitioner was not convicted by the evidence contained in his statement as he entered a plea of guilty to four of the eight counts of the indictment, with the remaining four counts being subsequently dismissed. When an accused pleads guilty, it is not necessary that the crime be established by proof. Hunt v. United States, 4 Cir., 237 F.2d 267; although the Court customarily hears some evidence, or a summary of same, in order to determine the appropriate sentence to impose.

■■ To grant a hearing on petitioner's motion to vacate would be useless as the sole question presented is one of law. If, on a plea of guilty, the court is required to interrogate prosecution witnesses in an effort to determine whether or not any signed statement has been obtained legally from a defendant, the plea of guilty may be disregarded and all defendants required to enter pleas of not guilty in all criminal cases. Mallory v. United States, supra, does not preclude the use of a signed confession where a defendant voluntarily enters a plea of guilty, acting as such under the advice of thoroughly competent counsel.

Motion denied.